45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Petitioner-Appellee,
v.
Alex ANDERSON, Respondent-Appellant.
 No. 93-7218.
 United States Court of Appeals, Fourth Circuit.
 Jan. 4, 1995.
Submitted: October 25, 1994.
Decided: January 4, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-93-552-HC-BR)
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for Appellant.
 Janice McKenzie Cole, United States Attorney, Barbara D. Kocher, Special Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alex Anderson appeals the district court's order committing him to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4246 (1988). A person may be committed under Sec. 4246 only if the district court finds that the person is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. Sec. 4246(d). The Government must establish dangerousness under Sec. 4246 by clear and convincing evidence. Id. The district court's finding that the government has established dangerousness by clear and convincing evidence will not be overturned on appeal unless it is clearly erroneous. United States v. Steil, 916 F.2d 485, 487-88 (8th Cir.1990); see Hall v. United States, 410 F.2d 653, 658 (4th Cir.) (holding district court's findings on mental competency generally should not be disturbed unless arbitrary or unwarranted), cert. denied, 396 U.S. 970 (1969).
 
 
 2
 Anderson was originally convicted of sending threatening letters to a television personality in New York. His treatment at the Federal Correctional Institution at Butner's Mental Health Division was progressing well with a carefully monitored program of psychotherapeutic drugs. Anderson's treating psychiatrist was prepared to release him until he learned of two further attempts to communicate with the victim of Anderson's previous threats. Based on the doctor's revised recommendation, the warden filed a certificate of mental disease or defect and dangerousness.
 
 
 3
 At the hearing on the certificate, Anderson's treating psychiatrist, Dr. Owen, testified regarding his concerns about Anderson's release. In his defense, Anderson presented the written letter opinion of a court-appointed psychiatrist who stated he believed that there was "no current indication" that Anderson was dangerous to others. The district court accepted the testimony of Dr. Owen and added his concern regarding the language of the terms of Anderson's supervised release. On these conclusions, the court ordered Anderson committed to the custody of the Attorney General.
 
 
 4
 Dr. Owen expressed his expert opinion that Anderson would be substantially dangerous if released. This opinion was based on a longterm course of treatment and observation, and grounded in specific, reasoned predictions regarding Anderson's behavior if he was released. If the district court found Dr. Owen's testimony credible, it standing alone was sufficient to establish Anderson's dangerousness by clear and convincing evidence. In his brief, Anderson implicitly challenges Dr. Owen's credibility by scrutinizing his opinion and challenging the sufficiency of his basis for it. In this case, the district court had before it the testimony of two doctors who drew opposite conclusions regarding Anderson's future dangerousness. In order to reach a decision based on clear and convincing evidence, the court had to discount the opinion of one of the doctors and accept that of the other. Where a fact-finder observes a witness, credibility determinations are not ordinarily disturbed on appeal. Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir.1974); see Anderson v. Bessemer City, 470 U.S. 564, 575 (1985) (noting that factual findings based on witness credibility accorded great deference on appeal). In fact, this Court " 'may not reverse a trier of fact, who had the advantage of hearing the testimony, on the question of credibility.' " Doyle v. Arlington County Sch. Bd., 953 F.2d 100, 104 (4th Cir.1991) (quoting McCrary v. Runyon, 515 F.2d 1082, 1086 (4th Cir.1975), aff'd, 427 U.S. 160 (1976)). The district court found Dr. Owen credible, and made its order based on that determination. Accordingly, we find that the district court's order was not clearly errroneous.
 
 
 5
 On appeal, Anderson attempts to cast the issue in overly specific terms. He argues that the evidence of the two allegedly nonthreatening letters Anderson sent to the broadcaster did not constitute clear and convincing evidence of Anderson's substantial dangerousness. This argument ignores the rest of Dr. Owen's testimony regarding the potential effect of an unstructured environment combined with an unpredictable course of medication, on Anderson's psychosis. Further, this argument asks this Court to overturn the district court's conclusions regarding the testimony of Dr. Owen in favor of a brief letter drafted by a psychiatrist who interviewed Anderson twice. Because of the limited scope of review that this Court may give credibility determinations, Anderson's argument must fail. The district court legitimately concluded that as to Anderson's future dangerousness, Dr. Owen's testimony was more credible than Dr. Royal's letter opinion. This conclusion will not be disturbed on appeal.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED